UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO, | ) Case No.: 1:14-cv-01401-BAM (PC) |
| Plaintiff, | ) ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | ) (ECF No. 16) |
| STU SHERMAN, et al., | ) THIRTY-DAY DEADLINE |
| Defendants. | ) |

### I.  Screening Requirement and Standard

Plaintiff Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 8, 2014. Plaintiff's first amended complaint, filed on February 26, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

1  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Allegations**

Plaintiff is currently housed at Kern Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at SATF/Corcoran State Prison. Plaintiff names Warden Stu Sherman as the sole defendant in his individual and official capacity.

Plaintiff alleges: On August 8, 2013, Plaintiff was confined at SATF/Corcoran State Prison. On September 1, 2013, Plaintiff contacted Defendant Sherman through institutional mail and explained that Correctional Officer Munoz was threatening and harassing him. Plaintiff asked that Officer Munoz stop this practice, including fomenting rumors of violence against Plaintiff or provoking other inmates to target Plaintiff for assault.

On September 9, 2013, Plaintiff filed a 602 grievance concerning Officer Munoz's threats that he wanted to stab and hurt Plaintiff.

On December 21, 2013, Plaintiff explained during an interview regarding his grievance and they should have known about the serious consequences they had created or provoked.

On November 1, 2013, Plaintiff was unlawfully subjected to be the target of an assault with a deadly weapon as retaliation for filing 602 grievances.  Plaintiff was assaulted because Defendant Sherman was negligent and failed to protect him from harm.

### III. Discussion

#### A. Official Capacity and Eleventh Amendment

The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  Plaintiff may not bring a suit for monetary damages against Defendant Sherman in his official capacity.

#### B. Supervisory Liability

Plaintiff appears to bring suit against Defendant Sherman based on his role as supervisor. However, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir.2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir.2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir.2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Sherman was involved in the offensive acts or that he initiated a deficient policy.

### C. Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotations omitted).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). A prison official may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837.

Here, Plaintiff has failed to state a cognizable claim for failure to protect against Defendant Sherman. Although Plaintiff alleges that he contacted Defendant Sherman by institutional mail in September 2013, there is no indication that Defendant Sherman knew of and disregarded any risk of harm to Plaintiff from assault in November 2013. Plaintiff has not provided any allegations suggesting that Defendant Sherman received the institutional mail or that he disregarded any risk of harm.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a cognizable claim. However, the Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927. Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's amended complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a second amended complaint; and
4. <u>If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim</u>.

IT IS SO ORDERED.

Dated:   **March 17, 2015**                    /s/ Barbara A. McAuliffe            
                                                                UNITED STATES MAGISTRATE JUDGE

5