UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO TRUJILLO, | Case No.: 1:14-cv-01401-BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| STU SHERMAN, et al., | |
| Defendants. | |

**I.   Screening Requirement and Standard**

Plaintiff Guillermo Trujillo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 8, 2014. He consented to the jurisdiction of a United States Magistrate Judge. (ECF No. 5.)

On March 17, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty days. (ECF No. 20.) Plaintiff's second amended complaint, filed on March 30, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

1

malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.    Allegations**

Plaintiff is currently housed at Kern Valley State Prison. The events in the complaint are alleged to have occurred while Plaintiff was housed at SATF/Corcoran State Prison. Plaintiff names Correctional Officer Ramos, an Appeals Coordinator, as the sole defendant.

In claim 1, Plaintiff alleges that on September 1, 2013, he informed Warden Stu Sherman by letter about Correctional Officer Muñoz's harassment and threats. Plaintiff asked the warden to have his coworkers cease their threats. Plaintiff alleges that Warden Sherman failed to protect him and acted with deliberate indifference.

On September 2, 2013, Plaintiff filed an inmate grievance against Officer Muñoz concerning the same allegations.  Lt. John Doe at Facility C knew of the substantial risk of harm behind the officer's orders and requests.  Plaintiff alleges that Lt. John Doe acted with deliberate indifference because he knew that risk that Plaintiff was facing and did nothing to fix the problems.

On September 16, 2013, Plaintiff wrote a letter to Sacramento Internal Affairs with the intention of solving the problem at an informal level.  Plaintiff did not receive a response from Sacramento Internal Affairs.  Plaintiff contends that the California Department of Corrections and Rehabilitation ("CDCR") and state agencies have failed to act on Plaintiff's complaints and have acted with deliberate indifference.

On November 1, 2013, Plaintiff was the victim of an assault with deadly weapon in Facility C Building.  Plaintiff was removed from the cell because he was a victim of assault.  Correctional officers felt that Plaintiff presented an immediate threat to himself and the institution and housed him at the ASU Unit.  On December 23, 2013, Plaintiff was transferred to Kern Valley State Prison.

Plaintiff seeks injunctive relief, along with compensatory and punitive damages.

### III.  Discussion

#### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Here, Plaintiff's complaint is short, but it fails to set forth sufficient factual matter to state a claim for relief that is plausible on its face.  Plaintiff's complaint lacks basic facts, including what happened and who was involved.  Given that Plaintiff was already allowed to amend his complaint to

3

state a claim, the Court declines to review Plaintiff's various exhibits filed in this action in an effort to unearth a cognizable section 1983 claim.

### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link Correctional Officer Ramos to any constitutional violation. Correctional Officer Ramos was not named in the first amended complaint and appears from his title to be involved in the review of inmate grievances, not personally involved in an alleged violation of Plaintiff's rights. Iqbal, 556 U.S. at 677, 129 S.Ct. at 1949; Jones, 297 F.3d at 934. The existence of a grievance process does not create a protected liberty interest entitling Plaintiff to a particular result or allowing Plaintiff to seek redress under the Constitution for the violation of any procedural protections set forth in the governing state regulations.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  This claim cannot be cured through amendment.

### C.  Eleventh Amendment-CDCR and state agency defendants

Plaintiff appears to bring suit against CDCR and other unidentified state agencies.  However, the Eleventh Amendment erects a general bar against federal lawsuits brought against the state. Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th Cir. 2010) (citation and quotation marks omitted). While "[t]he Eleventh Amendment does not bar suits against a state official for prospective relief,"

Wolfson, 616 F.3d at 1065-66, suits against the state or its agencies are barred absolutely, regardless of the form of relief sought, e.g., Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900 (1984); Buckwalter v. Nevada Bd. of Medical Examiners, 678 F.3d 737, 740 n.1 (9th Cir. 2012). Thus, Plaintiff may not maintain a claim against CDCR or any other state agencies.

### D.  Supervisory Liability

Plaintiff appears to bring suit against Defendant Sherman based on his role as supervisor. However, supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir.2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir.2013); Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir.2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989)) (internal quotation marks omitted).

Plaintiff has not alleged that Defendant Sherman was involved in the offensive acts or that he initiated a deficient policy.

### E.  Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (quotations omitted).

Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). A prison official

may be held liable under the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837.

Defendant Sherman

Here, Plaintiff has failed to state a cognizable claim for failure to protect against Defendant Sherman.  Although Plaintiff alleges that he contacted Defendant Sherman by institutional mail in September 2013 regarding threats and harassment by Officer Munoz, there is no indication that Defendant Sherman knew of and disregarded any risk of harm to Plaintiff from assault in November 2013.  Plaintiff has not provided any allegations suggesting that Defendant Sherman received the institutional mail, that he disregarded any particular risk of harm from unidentified threats or harassment by Defendant Muñoz, or that there was any causal link between the harassment and the assault.  Plaintiff's allegations suggest that he was assaulted by another inmate, not Defendant Muñoz.

Lt. John Doe

Plaintiff does state a plausible claim for relief against Lt. John Doe.  Plaintiff merely asserts conclusory statements and provides no factual allegations suggesting that Lt. John Doe knew of a substantial risk of harm from assault and failed to take measures to protect Plaintiff from the assault.

**IV.   Conclusion and Order**

For the above reasons, Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted.  Although Plaintiff was provided with the relevant legal standards applicable to his claim, he has been unable to cure the deficiency of his claim by amendment.  Further leave to amend is not warranted.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **April 24, 2015**                    /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE